**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHASE HAYES, an Individual, et al.,

Plaintiffs,

vs.

GURU DENIM, INC.,

Defendant.

CASE NO. 10 CV 0964 MMA (BLM)

**ORDER SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION**

[Doc. No. 7]

On May 14, 2010, Plaintiffs Chase Hayes, an Individual, and www.womendesignerclothes.com, a California business entity of unknown status ("Plaintiffs"), filed a second amended complaint ("SAC") for "Unfair Competition" [Doc. No. 7]. The Court previously granted Plaintiff Hayes' motion to proceed *in forma pauperis* ("IFP") [Doc. Nos. 2, 5]. Accordingly, Plaintiffs' SAC is once again subject to mandatory screening under 28 U.S.C. § 1915(e)(2), and is **DISMISSED** for the reasons set forth below.

**I. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)**

As the Court explained in its May 10 order [Doc. No. 5], when a plaintiff seeks to proceed IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may

be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). A "court must accept as true all allegations of material fact" and construe a *pro se's* pleading liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). But the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Here, Plaintiffs' SAC merely re-pleads without amendment the two-paragraphs previously alleged in their first amended complaint ("FAC").[1]

> Defendant, GURU DENIM, INC., was negligent in taking over $100,000 in Used and Offprice Jeans from Plaintiff under Defendant's claim of violating their trademarks and copyrights. First, Used Jeans is neither trademark infringement nor unfair competition. Second, Defendant sold the offprice Jeans to a third party whom sold them to plaintiff (EX A).
>
> Defendant **MALICIOUS** created a story about a Hoodie that they purchase from Plaintiff website and used that claim to shut down Plaintiff website and file a case which in the end ask the court for a dimissal of the action, without prejudice (see EX B and attachments).

[Doc. No. 3, p.1-2 (emphasis in original).] Indeed, the only difference between the SAC and the FAC, is the retitled caption, which now identifies the cause of action as "Unfair Competition" in place of "Negligence and Violation of Interstate Commerce Laws [and] Malicious Prosecution." [*See* Doc. Nos. 3, 7.] In its prior Order, the Court explained several reasons why Plaintiffs' FAC was deficient, and therefore subject to dismissal—Plaintiffs have cured none of those deficiencies in their SAC. [*See* Doc. No. 5.]

**(A) Plaintiffs' SAC Fails to State a Claim Upon Which Relief May be Granted**

First, the SAC again fails to state a claim on which relief can be granted. Instead of augmenting their complaint, Plaintiffs re-designate their existing allegations as a cause of action for unfair competition. Plaintiffs' "amendment" is insufficient.

To state a cause of action for violation of California' unfair competition law, Plaintiffs must allege facts to establish that Defendant engaged in "unlawful, unfair, or fraudulent" business

---

[1] All typographical and grammatical errors appear in the FAC and SAC, and have not been corrected by the Court.

acts or practices. Cal. Bus. & Prof. Code § 17200. Although unfair competition law covers a wide range of conduct, Plaintiffs' limited and unclear allegations do not allege sufficient facts to establish an unfair competition claim. Accordingly, Plaintiffs' SAC is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

**(B) The Court Lacks Jurisdiction Over Plaintiffs' Claim**

Second, even if Plaintiffs' allegations were sufficient to state an unfair competition claim, dismissal is still appropriate because the Court lacks subject matter jurisdiction over this action.[2] As the Court explained in its previous Order, federal courts have limited jurisdiction, and therefore, can hear only certain types of claims that the Constitution or Congress has authorized them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Court's Order set forth several reasons why Plaintiffs' FAC failed to confer jurisdiction on this Court, but Plaintiffs' SAC cures none of the deficiencies, and is therefore, subject to dismissal. Specifically, the SAC does not demonstrate diversity of citizenship among the parties,[3] and Plaintiffs' only claim is based on state law. Because Plaintiffs provide no basis for this Court's jurisdiction, the SAC must be dismissed.

**(C) Www.womendesignclothes.com Cannot Proceed Without Counsel**

Finally, the Court previously instructed Plaintiffs that www.womendesignclothes.com, a California business entity of unknown status, cannot proceed without counsel. "[U]nder a long-standing common law rule of procedure, a corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, nor can it represent itself through a corporate officer, director or other employee who is not an attorney. It must be represented by licensed counsel in proceedings before courts of record." *CLD Construction, Inc. v. City of San Ramon*, 120 Cal. App. 4th 1141, 1145-46 (2004). Indeed, the Court explicitly admonished

---

[2] Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint *sua sponte* for lack of jurisdiction.

[3] Although the SAC does not allege the citizenship of the parties, the face of the SAC indicates all parties are linked to California: Plaintiff Hayes maintains a residence in San Diego, California; Plaintiff www.womendesignerclothes.com is a California business entity; and Defendant Guru Denim, Inc. is a California Corporation.

Plaintiffs that if they intended to re-file their complaint to cure the deficiencies noted in the May 10 Order, www.womendesignerclothes.com must be represented by counsel and pay the required filing fee. [*See* Doc. No. 5, p.6; 28 U.S.C. § 1915(a) (only individuals may proceed *in forma pauperis*).] Plaintiffs have failed to comply with the Court's instruction. Again, Plaintiffs attempt to bring their claim on behalf of www.womendesignerclothes.com, but have not retained counsel to appear on the company's behalf, and have not paid the required filing fee.

## II. CONCLUSION AND ORDER

Upon reviewing Plaintiffs' SAC, **IT IS HEREBY ORDERED** that Plaintiffs' SAC is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(b). The Court dismisses Plaintiffs' SAC without prejudice as to their right to pursue their claim(s) in state court. The Court advises Plaintiffs that if they file a third amended complaint that fails to cure the deficiencies outlined above (and set forth in greater detail in the Court's May 10 Order), their complaint may be dismissed ***with prejudice***, which will likely impact Plaintiffs' ability to pursue their claim(s) in state court or other appropriate forum.

**IT IS SO ORDERED.**

DATED: May 19, 2010

Hon. Michael M. Anello
United States District Judge