# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAYES, an Individual,<br><br>                              Plaintiff,<br>vs.<br><br>GURU DENIM, INC.,<br><br>                              Defendant. | CASE NO. 10 CV 0964 MMA (BLM)<br><br>**ORDER SUA SPONTE DISMISSING FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Doc. No. 12] |

On June 8, 2010, Plaintiff Chase Hayes, an Individual, filed a fourth amended complaint for "Violation of Interstate Commerce Laws and Unfair Competition" [Doc. No. 12]. The Court previously granted Plaintiff Hayes' motion to proceed *in forma pauperis* ("IFP") [Doc. Nos. 2, 5]. Accordingly, Plaintiff's complaint is once again subject to mandatory screening under 28 U.S.C. § 1915(e)(2), and is **DISMISSED WITH PREJUDICE** for the reasons set forth below.

## I.   PROCEDURAL HISTORY

Before the Court is Plaintiff's fifth attempt to state a viable cause of action against Defendant Guru Denim, Inc. Although the Court previously set forth the procedural history of this case in its May 27, 2010 order, it bears repeating in light of the Court's decision to dismiss Plaintiff's action without further leave to amend.

On May 5, 2010, Plaintiffs Chase Hayes and www.womendesignerclothes.com, a California business entity of unknown status filed a complaint for "Negligence and Violation of Interstate Commerce Laws." [Doc. No. 1.] The following day, Plaintiffs submitted a first amended complaint ("FAC"), which contained an additional claim for malicious prosecution. [Doc. No. 3.] The FAC stated, in its entirety:[1]

> Defendant, GURU DENIM, INC., was negligent in taking over $100,000 in Used and Offprice Jeans from Plaintiff under Defendant's claim of violating their trademarks and copyrights. First, Used Jeans is neither trademark infringement nor unfair competition. Second, Defendant sold the offprice Jeans to a third party whom sold them to plaintiff (EX A).
>
> Defendant **MALICIOUS** created a story about a Hoodie that they purchase from Plaintiff website and used that claim to shut down Plaintiff website and file a case which in the end ask the court for a dimissal of the action, without prejudice (see EX B and attachments).

[Doc. No. 3, p.1-2 (emphasis in original).]

On May 10, the Court dismissed the FAC without prejudice, for failure to state a claim upon which relief may be granted; lack of subject matter jurisdiction; and because corporate plaintiff, www.womendesignclothes.com, could not proceed without counsel and payment of the required filing fee of $350. [Doc. No. 5.]

Plaintiffs filed a second amended complaint ("SAC") on May 15, which failed to cure any of the deficiencies identified in the Court's May 10 order. [Doc. No. 7.] Indeed, Plaintiffs' SAC was identical to the FAC, except for the retitled caption which identified the cause of action as "Unfair Competition" in place of "Negligence and Violation of Interstate Commerce Laws [and] Malicious Prosecution." [*See* Doc. Nos. 3, 7.]

On May 19, the Court dismissed Plaintiffs' SAC without prejudice. In its order, the Court again explained that, Plaintiffs still failed to state a claim on which relief may be granted, the Court lacked jurisdiction to hear Plaintiffs' state-based claim, and www.womendesignclothes.com could not proceed unless it obtained counsel and paid the $350 filing fee. [Doc. No. 8.] The Court

///

---

[1] All typographical and grammatical errors appear in the pleadings and have not been corrected by the Court.

1  further advised Plaintiffs if they filed a third amended complaint that did not remedy the noted
2  deficiencies, Plaintiffs' claim was subject to being dismissed *with* prejudice.  [*See id.* at p.4.]
3  　　　　Plaintiffs filed a third amended complaint on May 27, which failed to cure any of the noted
4  deficiencies.  [Doc. No. 10.]  In fact, the third amended complaint was identical to the second
5  amended complaint, except for the amount of damages sought.  In dismissing Plaintiffs' third
6  amended complaint, the Court cautioned Plaintiffs that if they filed a fourth amended complaint
7  that did not correct the pleading deficiencies, the Court would not provide any further
8  opportunities to amend.  [Doc. No. 11.]
9  　　　　On June 8, Plaintiff Hayes filed a fourth amended complaint.  [Doc. No. 12.]  While
10 Plaintiff has attempted to correct one of the noted deficiencies—by removing
11 www.womendesignclothes.com as a named plaintiff—the fourth amended complaint still fails to
12 state a cause of action upon which relief may be granted, and does not provide a basis for this
13 Court to exercise jurisdiction.

14 **II.     PLAINTIFF'S FOURTH AMENDED COMPLAINT**

15 　　　　Although Plaintiff attempted to provide additional detail in his fourth amended complaint,
16 the allegations are substantively identical to those alleged in prior pleadings.  As noted in the
17 Court's May 10 order [Doc. No. 5], it appears Plaintiff is attempting to challenge Defendant's
18 conduct associated with prior litigation in the Central District, during which Defendant allegedly
19 "confiscated Used and Offprice jeans from Plaintiff."[2]  In the matter before the Central District,
20 Guru Denim (the Defendant in the present action) alleged Hayes and his company
21 www.womendesignerclothes.com infringed Guru Denim's "trademarks and copyrights by selling
22 counterfeit versions" of Guru Denim's clothing.  *Guru Denim, Inc. v. Chase Hayes, et al.*, 2010
23 U.S. Dist. LEXIS 52992 *1 (C.D. Cal.).  Guru Denim's entire complaint was based on an
24 allegation that Hayes sold a single counterfeit True Religion "hoodie" in April 2008.  *Id*. at *1, 34.
25 Hayes defended the sale on the grounds that he purchased the used jeans from customers at
26 swapmeets for resale and the "Offprice True Religion Jeans from Jet Apparel, Inc., whom [Guru
27
28 　　　　[2] *Guru Denim, Inc. v. Chase Hayes, et al.*, Central District, Case Number 08 CV 4493 SVW (RCx), available at 2010 U.S. Dist. LEXIS 52992 (C.D. Cal.).

Denim] sold their Offprice True Religion brand to." [Doc. No. 12; *Guru Denim*, 2010 U.S. Dist. LEXIS at *2-3.] Ultimately, the district court dismissed Guru Denim's action *with* prejudice as a sanction for its counsel's dilatory conduct and "complete lack of preparation" throughout the litigation. *Id*. at *20-21, 34. The present action appears to be based on these underlying events.

### 1.     Plaintiff Fails to State a Claim Upon Which Relief May be Granted

Here, Plaintiff asserts Defendant violated "interstate commerce laws" by refusing to sell its True Religion jeans to Plaintiff, and engaged in unfair competition by wrongfully confiscating the jeans Plaintiff purchased from Jet Apparel. [Doc. No. 12.] In addition, Plaintiff asserts Defendant caused his website to be shut down. [*Id*.] Although the fourth amended complaint includes some new facts, it still fails to state a cause of action upon which relief may be granted. As noted in its May 10 order, the complaint does not indicate how Defendant's purported conduct affects interstate commerce or violates any particular interstate commerce law. Similarly, the allegations are insufficient to demonstrate that Defendant engaged in "unfair competition." The Court interprets Plaintiff's unfair competition claim as an attempt to plead a violation of California's Business and Professions Code § 17200 for "unlawful, unfair, or fraudulent" business acts or practices. Even though the Court interprets Plaintiff's complaint liberally, it may not "supply essential elements of claims" not pled. *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Plaintiff's bare, conclusory allegations remain unclear and insufficient to state a claim upon which relief may be granted, and dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.     The Court Lacks Jurisdiction Over Plaintiff's Claims

In addition, even if Plaintiff had successfully alleged viable causes of action, the fourth amended complaint must be dismissed because the Court lacks jurisdiction over them.[3] As explained more fully in its May 10 order, federal courts have limited jurisdiction, and therefore, can only hear certain types of claims that the Constitution or Congress authorized them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Here,

---

[3] Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint *sua sponte* for lack of jurisdiction.

1  Plaintiff has not alleged diversity between the parties, nor has he presented allegations that raise a
2  federal question or are based on statutes governing specific subject matters such as civil rights,
3  antitrust, trademark, or copyright that are within the federal courts' limited jurisdiction.

4  　　　Plaintiff has never alleged the citizenship of the parties in any of his complaints.  However,
5  the face of each earlier pleading indicated all of the parties are linked to California.  Specifically,
6  Plaintiff Hayes maintains a residence in San Diego, California; Plaintiff
7  www.womendesignerclothes.com is a California business entity; and Defendant Guru Denim, Inc.
8  is a California corporation.  Now, in his fourth amended complaint, Plaintiff Hayes provides the
9  same San Diego address as his mailing address, he has removed the website as a named plaintiff,
10 and he has deleted the reference in the caption indicating Defendant is a California corporation.
11 Accordingly, Plaintiff has not demonstrated diversity between the parties to allow the Court to
12 exercise jurisdiction over the action.

13 　　　The Court also lacks subject matter jurisdiction because Plaintiff's purported claims for
14 "violation of interstate commerce laws and unfair competition" do not raise a federal question, nor
15 are they based on statutes that otherwise confer jurisdiction on the Court.  At its core, Plaintiff's
16 complaint alleges Defendant wrongfully took his goods because it inaccurately believed Plaintiff
17 was violating its trademarks and copyrights.  Plaintiff asserts he was further harmed by Defendant
18 when it caused his website to be shut down.  The Court has construed Plaintiff's "unfair
19 competition" claim as one for violations of California's Business and Professions Code § 17200.
20 This state-based claim does not confer jurisdiction on the Court.  In addition, the Court is unable
21 decipher any cognizable claim for "violation of interstate commerce laws" upon which it can
22 reasonably premise its jurisdiction.  Because Plaintiff has repeatedly failed to identify any basis for
23 this Court's jurisdiction, his fourth amended complaint must be dismissed.

24 **III.    CONCLUSION AND ORDER**

25 　　　Upon reviewing Plaintiff's fourth amended complaint **IT IS HEREBY ORDERED** that
26 Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil
27 Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(b).

28

Plaintiff has had five opportunities to amend his complaint.  In its May 27 order dismissing the third amended complaint, the Court informed Plaintiff "no further amendments will be permitted, and the Court *will* dismiss the[] complaint *with prejudice*" if the deficiencies are not corrected.  [Doc. No. 11 (emphasis in original).]  In light of the numerous opportunities Plaintiff has had to cure the deficiencies in his complaint, and his failure to do so, the Court concludes any further attempts to amend would be futile.  Accordingly, Plaintiff's fourth amended complaint is dismissed with prejudice and without further leave to amend.  The Clerk of Court is hereby instructed to terminate this case.

**IT IS SO ORDERED.**

DATED:  June 17, 2010

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge